## COOK VS. THE MILWAUKEE & ST. PAUL RAILWAY COMPANY.

RAILROADS. (1) *General duties and liabilities of lessee.* (2) *Duty of railway companies as to cattle guards.* (3, 4) *When lessee liable on contract of lessor.*

Cook vs. The Milwaukee & St. Paul Railway Company.

1. Defendant, as lessee in possession of the O. & M. R. Railroad, holds it subject to all duties imposed on the lessor for the benefit and protection of the public. 13 Wis., 637.
2. The extent of the public duty of railway companies in respect to cattle guards on their roads is determined by the statute (Laws of 1872, ch. 119, sec. 30; Tay. Stats., 1044, § 34), which does not require them to construct such guards at farm crossings, but only at highway crossings.
3. The complaint avers that at the time of plaintiff's making a conveyance of a right of way over his lands to the O. & M. R. Railroad Co., and as a part of the consideration for such conveyance, it was agreed between plaintiff and said company that the latter should construct two farm crossings and two cattle guards on said premises. *Held*, that this does not show any covenant running with the land, and therefore does not show that defendant, as lessee of the railroad of said company, is under any obligation to build such cattle guards, although he took the lease with notice of such agreement of his lessor.
4. The action being for the killing of plaintiff's horses by a train on the road of the O. & M. R. Railroad Co., held and operated by defendant as lessee, and the only negligence alleged being defendant's failure to construct one of said cattle guards on plaintiff's land, the complaint is held bad, on demurrer.

APPEAL from the Circuit Court for *Winnebago* County.

The complaint alleges that the plaintiff conveyed to the Oshkosh & Mississippi River Railroad Company a right of way for its railroad over certain lands owned by him, and then states an agreement between the plaintiff and that company as follows: "That at the time of making such conveyance, and as part of the consideration thereof, it was agreed by and between the plaintiff and the said Oshkosh & Mississippi River Railroad Company, that the said last named company should construct in a suitable manner two farm crossings and two cattle guards on said premises, if required by the plaintiff, in some suitable and proper place where the plaintiff should elect." It is further alleged that the plaintiff notified the said company where he desired to have such crossings and cattle guards constructed, whereupon the company built both crossings, but put

in only one of the cattle guards; that the company, in 1872, leased its railroad to the defendant for the term of twenty years, and the defendant went into possession, and has ever since operated the same; that the defendant had due notice of the above agreement; that the plaintiff requested it to put in such cattle guard, but that it has neglected to do so; and that, by reason of such neglect, and after a reasonable time had elapsed from the making of such request for the defendant to comply therewith, the horses of the plaintiff went upon the railroad track at the crossing at which the Oshkosh & Mississippi River Railroad Company and the defendant had thus neglected to build a cattle guard, and, for want of such cattle guard, went along the track a considerable distance, and were run over and killed or injured by a passing train of the defendant. The relief demanded is compensation for the loss of such horses.

The defendant demurred to the complaint as not stating a cause of action against it, and appealed from an order overruling such demurrer.

*A. B. Hamilton*, for appellants, contended that the complaint should contain an averment that the plaintiff was free from negligence, and cited *Chamberlain v. Mil. & Miss. R. R. Co.*, 7 Wis., 425, and *Dressler v. Davis*, id., 527, as containing the true doctrine on this point, in opposition to *Mil. & Ch. R. R. Co. v. Hunter*, 11 Wis., 160. He further argued that a railroad company is not bound to put in cattle guards at private crossings; and that even though it should contract so to do, a breach of the contract, without other negligence shown on the part of its employees, would not render it liable for injuries resulting therefrom (*Drake v. Phil. & Erie R. R. Co.*, 51 Pa. St., 241; 20 Ill., 221; *Brooks v. N. Y. & Erie R. R. Co.*, 13 Barb., 594; 20 Iowa, 188, 219; *Indianapolis R. R. Co. v. Adkins*, 23 Ind., 340; *Eames v. Boston & Worcester R. R. Corp.*, 14 Allen, 151); and that the contract declared on by plaintiff was not binding upon the defendant company.

*Felker & Weisbrod,* for respondent:

1. It was not necessary to aver that the injury occurred without fault of the plaintiff. 2 Bosw., 602; 5 Duer, 21; 7 M. & W., 790; *Potter v. Ch. & N. W. R'y Co.,* 20 Wis., 533. 2. The contract between the railroad company and plaintiff, like a statute or prescription, raised a legal obligation or duty; and a breach having been shown, and damages resulting therefrom, the plaintiff can recover therefor as between himself and the contracting company. *Fernow v. Dubuque & S. W. R. R. Co.,* 22 Iowa, 528; 1 Redf. on Railways, 499, § 2; *Horn v. A. & St. L. R. R. Co.,* 35 N. H., 169; 36 id., 440; Shearm. & Redf. on Neg., § 465; *White v. Concord Railroad,* 10 Foster, 188; *Hurd v. R. & B. R. R. Co.,* 25 Vt., 123; 6 Mass., 90; 1 Cowen's Treat., 422–5; 50 N. H., 144; 9 Am. Rep., 179, 184. 3. The defendant, as lessee, succeeded to all the obligations and duties of its lessor, including those which arose by *contract* as well as those imposed by *statute.* 13 Wis., 637; *Clement v. Canfield,* 28 Vt., 302; 10 Cush., 562; 46 Me., 166; 44 id., 362; Shearm. & Redf. on Neg., 467. 4. The failure, under the circumstances, to build cattle guards at plaintiff's crossing was negligence *per se,* and no further allegation of negligence was necessary. 10 Foster, 188; 22 Iowa, 528; *Poler v. N. Y. Cent. R. R. Co.,* 16 N. Y., 476; Shearm. & Redf. on Neg., § 66; 10 Abb. Pr., 398; 13 Wis., 637; 57 Me., 117; 40 Cal., 532; 21 Ohio St., 235; 27 Iowa, 283; 55 Barb., 529.

LYON, J. The only negligence which the complaint imputes to the defendant, is the failure to put in the additional cattle guard; and the loss of, or injury to, the horses of the plaintiff is attributed solely to the absence thereof. The action is predicated upon the hypothesis that the defendant was under a legal obligation to put in the cattle guard, and hence is liable for all damages suffered by the plaintiff in consequence of its neglect to do so. Unless this hypothesis is correct, the complaint fails to state a cause of action against the defendant. The controll-

ing question is, therefore, Was the defendant under a legal obligation to put in such cattle guard? The complaint does not allege that the defendant ever agreed to do so; but it is argued that this is a public duty, the performance of which is obligatory upon the defendant without any such agreement. It is quite true (and this court has so held), that the defendant, as lessee in possession of the railroad, holds it subject to all duties imposed on its lessor for the benefit and protection of the public. *McCall v. Chamberlain*, 13 Wis., 637. But the extent of such public duty in respect to cattle guards is fixed and determined by the statute on that subject, which does not require railway companies to construct cattle guards at farm crossings, but only at highway crossings. Tay. Stats., 1044, § 34; Laws of 1872, ch. 119, sec. 30.

The construction of the cattle guard in question not being a public duty, and the complaint failing to aver an agreement by the defendant to construct it, it is apparent that the defendant is under no legal obligation to do so, unless the agreement of its lessor in that behalf imposes such obligation. It is quite probable that the lessor of the defendant could have made a covenant to put in and maintain the cattle guard, which would run with the land and bind the defendant. But it is very clear that no such covenant is set out in the complaint. The agreement therein stated is purely a personal one, entirely wanting in most of the essential elements of a covenant which runs with the land. The Oshkosh & Mississippi River Railroad Company only assumes therein to bind itself, not to charge the land, or to bind its grantees or lessees by such agreement.

The failure of the defendant to put in the cattle guard being the only negligence imputed to it, and the defendant being under no legal obligation to do so, it follows that the complaint does not state facts sufficient to constitute a cause of action, and hence, that the demurrer thereto should have been sustained.

The order overruling the demurrer must therefore be re-

versed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.