————O————

ROBERT G. HUBBARD, Plaintiff in Error, *vs.* KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Defendant in Error.

1. *Railroads—Dedication of land—Non-compliance of company with agreement as to location of depot—Remedies, what will lie and what not.*—Where the owner relinquishes to a railroad company the right of way over his land, the depot under the relinquishment to be located at a certain designated point on it, he cannot after relinquishment and entry by the company maintain trespass or ejectment against the company for failing so to locate the station; but he may recover damages resulting from their appropriation of his land under false pretenses, and his measure of damages would be payment for his land and all subsequent injuries occasioned by the construction of the railroad as though no such grant of the right of way had ever been made. And in such suit, in the estimation of damages, the road would not be entitled to such considerations as would be appropriate in proceedings for original condemnation or an exercise of the power of eminent domain. Or he may have his remedy in equity for specific performance.

*Error to Buchanan Circuit Court.*

*Bennett Pike & William Heren,* for Plaintiff in Error.

I. The condition named in the relinquishment should have been construed by the court as precedent and not subsequent. The relinquishment had no immediate operation, but was dependent upon the fulfillment of the condition.

Plaintiff did not part with his absolute title to the land, but only with the right of way, the fee remaining in him, subject to the easement conferred on the company. (Andrews vs. Lester, 32 Me. 394; Dale vs. Pa. R. R. Co., 2 Iowa, 288, and see especially Taylor vs. Cedar Rapids, & St. Paul R. R. Co., 25 Iowa,

371.) After the breach, at plaintiff's election, the estate was defeated. (Siglar vs. Van Riper, 10 Wend. 414.)

It is no objection to the action that the plaintiff might sue on the covenant, or for specific performance, or proceed in equity to have the deed of relinquishment set aside. (2 Washb. Real Prop. 15.)

II. No re-entry was here required to enable plaintiff to maintain trespass ; his general ownership was sufficient for that purpose. (Grogun vs. Jones, 2 Gil. & Johns. 183 ; 8 Johns. 432 ; 11 Johns. 285 ; 8 Cow. 115 ; 10 Wend. 110 ; 11 Mass. 519.)

*Stringfellow & Hall*, for Defendant in Error.

I. The condition, if one at all, was subsequent. The trespasses complained of were the very acts contemplated by the conveyance, and must have taken place before the condition could be performed. The failure to perform it could not invalidate the previous lawful acts and convert them into trespasses.

II. This is not an action based on a failure to perform the condition, and its performance or non-performance cannot be investigated.

NAPTON, Judge, delivered the opinion of the court.

This petition charges the defendant with entering without leave and wrongfully, the farm of plaintiff, and building a railroad through it, one mile and three-quarters, occupying about one-hundred feet in width, and cutting the farm up, and by its grading rendering portions of it useless, and causing a number of acres to be overflowed, to the damage of the plaintiff of $ 2,500. Judgment is asked for the damages.

The answer denies that defendant without leave and wrongfully entered on the land, and denies all the other allegations of the petition.

Upon the trial the following instrument in writing was produced, which, it is conceded, was executed and signed by the plaintiff : " Relinquishment of right of way. In consideration of

five dollars in hand paid, I hereby release, relinquish and convey to the Missouri Valley R. R. company, its successors and assigns, the right of way for a railroad to a width of one hundred feet along such line as may be located by said company on the tracts of land, situated in Nodaway county, in the State of Missouri, known as (here follows a description of the land mentioned in the petition). Depot to be located on the N. W. qr. of 26, or S. W. qr. of 23.

As witness my hand and seal this, the 28th day of November, 1867. [signed] D. G. Hubbard.

Witness Joseph E. Swift."

The plaintiff offered to prove that the depot of defendant had not been located on the land of plaintiff, as the deed of relinquishment required, and that this location was the sole consideration which induced him to relinquish. This evidence was excluded and the plaintiff took a non-suit, which non-suit he afterwards moved to set aside, and this motion being overruled the cause comes to this court.

We have considered it unnecessary to state various other points which in the course of the trial were presented in this case, since the decision of this court in Baker vs. C., R. I. & P. R. R. Co. (57 Mo. 265), is conclusive that the present action could not be maintained under the facts proved in this case. The petition aleges a wrongful and illegal entry, and the evidence shows an entry by leave, and consequently a legal one ; but a failure to comply with the condition upon which that leave was granted, a condition which was clearly a subsequent one. That the plaintiff has a cause of action on the testimony as exhibited in the bill of exceptions is most clear ; but the allegations in the petition present a cause of action totally different from the one presented by the proof.

In the case of Taylor vs. The Cedar Rapids & St. P. R. R. Co. (25 Iowa, 371,) which is cited as sustaining the action here, there was an application for a condemnation by the owner, and for an assessment of damages, not a suit for a trespass. The

plaintiff was in possession and the road had not been constructed when the suit was brought for damages, and although the plaintiff had given the defendant a deed of relinquishment, yet, as the consideration of that deed was the establishment of a depot at a point on plaintiff's land, and had not been complied with, but a location established elsewhere, the court considered no formal re-entry on the land granted necessary or practicable, and allowed the plaintiff to proceed as though such a deed had never been made. And so, in this case, although we have said that the plaintiff could not disregard this grant of a right of way as void *ab initio*, because of the violation of the contract or condition by the company, so as to justify an action of trespass or ejectment ; yet the plaintiff could have stated the facts as they were, and claimed the damages resulting from their appropriation of his land under false pretenses.

The establishment of the depot was regarded by the owner of the land as an equivalent for the damages he would be subjected to in the loss of his land. As the consideration has failed, he is entitled to payment for his land and for all subsequent injuries, occasioned by the construction of the road, as though no such grant of the right of way had ever been made. Nor do we think, supposing the facts to be as the evidence in the record tends to show, that the company are entitled, in the estimation of damages, to any considerations such as would be appropriate in a proceeding for an original condemnation or an exercise of the power of eminent domain. There is an apparent want of good faith in the transaction which presents no claim to indulgence.

The plaintiff has also his remedy by a proceeding in equity for a specific performance. (Aiken vs. The A. V. & C. R. R. Co. 26 Barb. 289.) Whether such a proceeding would be, under the circumstances, now that a depot has been established two miles from the point agreed on, of any practical value to the plaintiff, is a matter for the consideration of the plaintiff.

The judgment must be affirmed. The other judges concur, except Judge Vories, absent.