ADAM C. HELTON, Appellant, v. ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, April 5, 1887.

1. RAILROADS—CONTRACTS, PERSONAL—RIGHT OF WAY—FREE PASS. Under a grant of right of way to a railroad company, over the grantor's land, in consideration of a free pass to the grantor to travel over the road during his life, the consideration is a part of the purchase money, and the company remains personally responsible for its fulfillment.

2. ———— RIGHTS AND OBLIGATIONS OF PURCHASER OF ROAD—LIENS. The purchaser of such a road at a foreclosure sale, under a mortgage, is not liable in damages, in an action at law, for a failure to grant a free pass, although the land may remain subject to a lien to secure the performance of the condition of the grant.

APPEAL from the Hannibal Court of Common Pleas, THEO. BRACE, Judge.

*Affirmed.*

HARRISON & MAHAN, for the appellant: This was an action for breach of contract for failure and refusal to deliver the pass. The measure of damages was the value of the pass. *Railroad v. Douthet*, 88 Pa. St. 243 ; 32 Am. Rep. 451. The foreclosure and sale of the property and franchises of the Mississippi Valley & Western Railway Company, under the mortgage, did not divest the land owner's right to compensation for his land, and he is entitled to such compensation from the purchasers at the sale, though the purchasers are created a new corporation. *Railroad v. Heirs of Henry Stanley*, 35 N. J. Eq. 283 ; 10 Am. and Eng. R. R. Cases, 345 ; *Drury v. Railroad*, 127 Mass. 571 ; *Railroad v. Johnson*, 59 Pa. St. 290 ; *Gilman v. Railroad*, 37 Wis. 317 ; *Railroad v. Lewton*, 20 Ohio St. 401. The deed from the appellant to the respondent's grantor contained a covenant to furnish the appellant with an annual pass for life, and was a part of the consideration for the grant of right of way. This covenant ran with the land. *Railroad v. Kenney*, 20 Am. and Eng. R. R. Cases, 458; *Railroad v. Reeves*, 64 Ga. 492; 11 Am. and Eng. R. R. Cases, 333 ; *Lydick v. Railroad*, 17 W. Va. 427 ; 11 Am. and Eng. R. R. Cases, 336. It is a well settled rule that a party is charged with notice of recitals in any deed under which he claims title. *Railroad v. Reeves, supra ; Jumel v. Jumel*, 7 Paige, 591 ; *Moore v. Bennett*, 2 Chan. Cases, 246 ; *De Cordova v. Hood*, 17 Wall. 1.

JAMES H. ANDERSON, H. H. TRIMBLE, and ANDERSON & FOREMAN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action at law, tried before the court without a jury. At the close of the plaintiff's case the court sustained a demurrer to the evidence ; whereupon the plaintiff took a non-suit with leave, and, his motion to

set aside the same being overruled, he prosecutes this appeal.

We may decide the case either upon the face of the petition or upon the evidence; because the petition states no cause of action, and any evidence proving the allegations of such a petition would show no cause of action.

The case is that, in 1872, the plaintiff conveyed to the Mississippi Valley & Western Railway Company a right of way over certain land, for the consideration of one hundred dollars in money and an agreement, on the part of the railway company, to furnish the plaintiff with an annual pass, during the period of the plaintiff's natural life, over the company's railway, from a point named to the city of Hannibal.

In 1875 the property and franchises of the railway company were sold to foreclose a mortgage, under a decree of the circuit court of the United States, and one Stone became the purchaser at the mortgage sale. Soon thereafter, Stone sold the railroad property and franchises to the defendant, which is a railroad corporation organized under the laws of Missouri, and also under the laws of Iowa. The agents of the defendant recognized the plaintiff's claim to his annual pass, or at least issued to him an annual pass, until the expiration of the year 1884, when they declined to issue it to him any further. Upon these facts, he prosecutes this suit against the defendant to recover damages, which he lays at the sum of two thousand dollars.

It is plain that the plaintiff can not recover in this action. The defendant, by purchasing the railway property from Stone, who had purchased it at the foreclosure sale, did not become liable to pay any of the debts of the Mississippi Valley & Western Railway Company, unless it agreed to pay them, and no such agreement is alleged or shown. It is like the case of one who purchases land which is subject to a mortgage or deed of trust; he does not become liable, personally, to pay the

debt secured by the mortgage or deed of trust, and an action can not be maintained against him to recover such debt unless the deed, which he receives from the mortgageor (as vendor) contains words which import such an agreement. *McAdadaras v. King*, 10 Mo. App. 578.    In such a case the mortgagee has the same remedies which he had before, and has not acquired any new ones.    He may proceed against the land by a foreclosure of a sale, under the power contained in his deed of trust, or he may sue his mortgageor and recover a judgment for the debt and for a general execution therefor ; or if he proceeds to a foreclosure, or to a sale under the power contained in the deed of trust, and a residue of his debt is left unsatisfied, he may proceed against his mortgageor, by a personal action, to recover such residue.

Under the doctrine of the supreme court, in *Hubbard v. Railroad* (63 Mo. 68), and *Evans v. Railroad* (64 Mo. 453), the plaintiff has, it would seem, an equitable remedy against the present defendant to be asserted against the land.    He can not, it seems, maintain ejectment (*Provolt v. Railroad*, 57 Mo. 256) ; but it would seem that his case is that of one who has made the sale of land upon the condition that a certain thing be done in the future, in lieu of the payment of a portion of the purchase money.    For the performance of this condition, he has, it would seem, an equitable lien upon the land, in the nature of a vendor's lien ; or, if not in the nature of such a lien, by reason of uncertainty as to the value of the subsequent act which his vendee covenanted to perform, he has, at least, such equities as will, under the doctrine of *Evans v. Railroad* (*supra*), entitle him to an injunction, restraining the defendant from the further use of his land until the condition is performed.    This, of course, assumes that the plaintiff will be able to establish the fact that the present defendant entered into the occupancy of the land with notice of the condition upon which it had been conveyed by the Mississippi Valley and Western Railway Company.    We throw out these

suggestions, not as binding ourselves in any subsequent case which may come before us, but rather for the purpose of indicating the impression which we have acquired from this record, that the plaintiff has not been fairly dealt with by the defendant, and that the law is not in such a state as to leave him wholly remediless.

With the concurrence of Rombauer, J., the judgment is affirmed; Lewis, P. J., being absent.