RUDDICK v. THE ST. LOUIS, KEOKUK & NORTH-WESTERN RAILWAY COMPANY, *Appellant.*

Division Two, May 16, 1893.

1. **Railroad Right of Way:** CONDITION IN DEED: ANNUAL PASS. Where a deed for a right of way to a railway company contains a covenant to furnish the grantor with an annual pass during his life, to which is annexed a condition that a failure to do so shall work a forfeiture of the land, a successor to the company takes subject to the condition.

2. ——: ——: REMEDY. Where the company has entered under the deed and built and operated the road, breach of the condition will not authorize an action for damages for the taking of the land for the roadway and by reason thereof to his entire tract, but his remedy is either an action for damages against the original grantee for failure to furnish the pass or ejectment for forfeiture on condition broken.

3. Land: CONDITION BROKEN: RE-ENTRY. While at common law it. was necessary for the grantor to enter upon land to work a forfeiture on condition broken, the modern rule is that the bringing of an action of ejectment will operate as a common law entry.

4. ——: ——: ——. The right of entry on forfeiture for condition broken, need not be expressly reserved in the deed where the condition is an express one, and it follows as an incident to such condition and passes with the land to all the latter's subsequent. grantees.

*Appeal from Clark Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED.

*James H. Anderson, H. H. Trimble, Palmer Trimble* and *Blair & Marchand* for appellants.

(1) The pass to Mrs. Ruddick and family must be considered as a gift or advancement from plaintiff to her. The land never having reverted to plaintiff for want of an entry by him upon the same, would leave the pass the property of Mrs. Ruddick, and she alone could sue for refusal to renew the pass, or to pass her over the railroad. There can be no resulting trust in favor of the plaintiff in regard to money paid by him for the pass for her; nor in regard to the consideration therefor, and he has no cause of action for her interest growing out of the alleged forfeiture. *Gilliland v. Gilliland*, 96 Mo. 522. (2.) There being simply a breach but no forfeiture or reverter of title or land to plaintiff for want of entry by him, the right or interest of Mrs. Ruddick was simply a chose in action and not

assignable to any one.   Therefore, from no point of
view, could plaintiff have cause of action on account
of said refusal of a pass to Mrs. Ruddick, against
defendant.   2 Washburn on Real Property, sec. 16,
p. 13; *Moore v. Wingate*, 53 Mo. 398.   (3) The action
is one affecting the title to land within the meaning of
Revised Statutes, 1889, sec. 2011, and hence the trial
court had no jurisdiction over the Lewis Co. land.
*McReynolds v. Railroad*, 110 Mo. 484; *Doyle v. Railroad*, 113 Mo. 280.

*Craig, McCrary & Craig, F. T. Hughes* and *T. L. Montgomery* for respondent.

(1) This is a suit for the value of the land appropriated as well as for damages directly resulting from
its appropriation.   Plaintiff's farm is one tract of land
lying in Clark and Lewis counties, and there is no
improper joinder, but a plain and simple statement
of one cause of action.   *Allen v. Railroad*, 84 Mo. 646;
*Provolt v. Railroad*, 57 Mo. 256; *Baker v. Railroad*, 57
Mo. 265; *Ring v. Bridge Co.*, 57 Mo. 496; *Hubbard v.
Railroad*, 63 Mo. 68; *Ragan v. Railroad*, 20 S. W. Rep.
234.   (2) Plaintiff could not split up his cause of action
and bring part in one county and part in another, as
the one could be plead as a bar to the other.   *Union,
etc., Co. v. Traube*, 59 Mo. 355; *Wagner v. Jacoby*,
26 Mo. 532; *Corby v. Taylor*, 35 Mo. 447; *Lane v.
Francis*, 15 Mo. App. 109.   (3) Plaintiff is not seeking
to enter upon the land but simply asks damages for the
wrongful appropriation of his land by the railroad company.   Where the railroad company fail to institute
condemnation proceedings, but construct the road
upon another's land without following the statute,
the   owner   may   pursue   the   usual   common   law
remedy.   Mills on Eminent Domain [1 Ed.] secs.

89, 90, p. 117 and cases cited. See also cases cited under paragraph 2, *supra; Blesch v. Railroad*, 43 Wis. 183; *Railroad v. Fuller*, 48 Ga. 423; *Hartz v. Railroad*, 21 Minn. 358; *Railroad v. Kernadle*, 54 Ind. 314; *Railroad v. Streeter*, 8 Kan. 133; *Ewing v. St. Louis*, 5 Wall. 413. (4) The conditions of this grant of right of way were clearly expressed in the deeds. And defendant failing to comply with the conditions, namely, to issue passes, by its act rendered the deeds void, and the defendant, at the date of the refusal began holding the easement wrongfully, and so the consideration has failed and plaintiff is entitled to payment for his land as though no such grant had been made. The plaintiff could not declare the grant void *ab initio* because of a violation of the contract so as to sue in trespass or ejectment, yet he could state the facts as they are stated in this case, and claim damages resulting from the appropriation of his land for right of way. *Hubbard v. Railroad*, 63 Mo. 68; *Allen v. Wabash*, 84 Mo. 646; *Siglar v. Van Risser*, 10 Wend. 414. (5) A condition in a deed for support of grantee partakes of a personal character and will not shift to a grantee or grantor. *Carber v. Cobb*, 36 N. H. 344; *Eastman v. Bachelor*, 36 N. H. 141; *Morrill v. Railroad*, 96 Mo. 174; Tiedman on Real Property, sec. 273; *Talliman v. Coffin*, 4 Comst. 134. (6) Covenant for a pass does not run with the land unless assignees are named in the deed. *Hetton v. Railroad*, 25 Mo. App. 322; *Baker v. Railroad*, 57 Mo. 265; *Kanaga v. Railroad*, 76 Mo. 207; *Hubbard v. Railroad*, 63 Mo. 68.

BURGESS, J.—This is an action at law tried by a jury. The case is that plaintiff was the owner of a large tract of land lying in a body, partly in the county of Clark and partly in the county of Lewis, in the state of Missouri. On the tenth day of July, 1872, he conveyed

to the Mississippi Valley & Western Railway Company a right of way over certain of this land in Clark county, for the consideration of $1.00 in money and an agreement on the part of the railway company, incorporated in the deed, to furnish the plaintiff with an annual pass during the period of his natural life, over the company's railway from the city of Keokuk to the city of Quincy, and in case such pass is not given or if it shall be revoked, then said deed to be void.

And in 1879 the plaintiff by another deed, his wife, Mattie Ruddick, joining with him, conveyed to the defendant company a right of way over certain of his lands lying in the county of Lewis for the consideration of "a certain and continuous pass granted to said Mattie Ruddick and family over said St. Louis, Keokuk & Northwestern Railway, and it is agreed that if said pass is refused or withheld by the company now operating said railway or their successors, then said strip of land to revert back to said grantors and this deed to be void."

In 1875 the property and franchises of the railway company were sold to foreclose a mortgage, under a decree of the circuit court of the United States and one Stone became the purchaser at the mortgage sale. Soon thereafter Stone sold the railroad property and franchises to the defendant, which is a railroad corporation organized under the laws of Missouri, and also under the laws of Iowa. The agents of the defendant recognized plaintiff's claim to his annual pass until the expiration of the year 1883, and to January 29, 1884, when they declined to issue to him any further. The defendants also recognized the claim of plaintiff's wife, Mattie Ruddick and her family to an annual pass until the fourteenth day of January, 1887, when it declined to issue it any further. Upon these facts the plaintiff prosecutes his suit upon the ground that the land

described in the deeds (which were duly recorded in the counties in which the different described tracts of lands lie) upon failure to comply with the conditions in the deeds defendant forfeited the land, and seeks to recover the value to his entire tract, by reason of the taking and occupancy of the strip through the same for track and right of way. There are two different counts in the petition, one bottomed on the breaches of the conditions of the deed to the Clark county, and the other on the breaches of the conditions of the deed to the Lewis county land. The damages were assessed as a whole, at the sum of $3,618.

The usual motion for new trial and in arrest being filed and overruled, the case is appealed to this court.

The deeds from the plaintiff to the different railroad companies both contain substantially the same conditions in regard to forfeiture on failure to furnish annual passes according to the terms of the deeds. The passes were furnished for quite a number of years, and finally refused by defendant, who succeeded by purchase to the rights and franchises of the Mississippi Valley & Western Railroad Company, and also to the rights and franchises of the St. Louis, Keokuk & Northwestern Railway Company, and, if the covenants in the deeds were not coupled with the conditions and provision for forfeiture for failure to furnish the passes, they would not run with the land and would not be binding on defendant. The covenant would not run with the land because foreign to, independent of and not in any manner connected with it. Only such covenants and conditions as are connected with, or requiring something to be done on, or about the land itself run with it. *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389; *Railroad v. Kenney*, 20 American and English Railroad Cases, 458; *Railroad v. Smith*, 9 S. W. Rep. 865;

*Railroad v. Reeves*, 64 Ga. 492; *Lydick v. Railroad*, 11 American and English Cases, 336.

But as the covenants in both deeds are covenants with the subsequent condition of forfeiture upon failure or refusal to furnish passes as provided in the one for plaintiff and in the other for his wife and family as provided in them, and as therein expressly set forth, defendant as the successor by purchase to the grantees in those deeds, took subject to all the conditions in said deeds and is bound thereby as if it were the original grantee.

At common law it was necessary for the grantor to enter upon the land conveyed in order to work a forfeiture. It could not be effected by bringing an action for the recovery of the possession. This rule has been somewhat changed, so that at the present time the ordinary action of ejectment would have the same effect as the common law entry. The right of entry need not be expressly reserved where the condition is express. It follows as a necessary incident to the condition and passes with the land, into whosesoever hands it may come. Tiedeman on Real Property, sec. 277; *Osgood v. Abbott*, 58 Me. 73; *Jackson v. Allen*, 3 Cowen, 220; *Bowen v. Bowen*, 18 Conn. 535; *Gray v. Blanchard*, 8 Pick. 284; *Fonda v. Sage*, 46 Barb. 109.

It has also been held, if several parcels of land are conveyed upon condition by the same deed, or are embraced in the same mortgage, and are all situate in the same county, an entry upon one in the name of the whole will be sufficient to enforce the condition as to all of the parcels. But if there be different deeds of the parcels, with different conditions therein, the entry must be made upon each. 2 Washburn on Real Property, sec. 16, p. 18.

It does not necessarily follow, however, that because of the forfeiture of the land occupied by defendant

under those deeds as a right of way and the reversion thereof to plaintiff because of the conditions broken on account of the refusal by defendant to furnish the passes, that plaintiff can maintain this action for the damages he claims to have sustained by reason of the construction of defendant's road through his tract of land. The right of way was taken, the road built and operated for nearly twenty years by and with his knowledge and consent and by the right and authority conferred by the deeds from plaintiff, which were read in evidence. The entry, therefore, was lawful. There has never been an entry by plaintiff for condition broken, nor has he ever proceeded to have the forfeiture declared by any proceeding in a court of law or equity. He is not simply, because of the forfeiture, in contemplation of law or in fact in possession of the land granted by him to the railroad companies, and cannot maintain his suit for damages to his tract of land, or any part of it conveyed by the deeds, which is now and was at the time of the commencement of this action, in the admitted possession and occupancy of defendant.

If, in the first place, the entry by the railroad company had been without authority and against the will and consent of plaintiff, a different rule would obtain, because in such case the entry on his lands and the appropriation of a portion of it by the railroad company to its own use would have been unlawful. Plaintiff should have entered for condition broken, or prosecuted his action to final judgment for that purpose, before instituting this proceeding, if at all. But in that event the measure of damages would not be that which the entire tract of land sustained by reason of the construction of the road, but would be the rental value of the right of way, taken and occupied by

defendant from the time of the entry for condition broken, up to the commencement of the suit.

The rule of law which entitles those whose lands are taken and condemned for railroad purposes, by virtue of the right of eminent domain, to damages done to the entire tract by reason of the taking of a portion thereof, does not apply to cases like the one at bar, where the right of way was in the first place conveyed by deed. Upon the execution by plaintiff of the deeds, the title to the strip of land embraced therein vested in the grantees, subject to be defeated by failure on their parts to comply with the conditions expressed in the deeds, that is, to furnish in the one case a pass to plaintiff, and in the other to plaintiff's wife and family. Upon condition broken, and entry for reason thereof, the title would revert to and become reinstated in plaintiff, but, until such entry is made, it will remain in defendant. But even if he had entered for condition broken, he could not maintain an action for damages for the land thus taken and also to his entire tract by reason of such taking, because the deeds as soon as executed passed the title to the right of way from plaintiff to the grantees and the road constructed and put in operation by virtue of the authority conferred thereby. And, upon entry for condition broken, he could get nothing more than was conveyed by the deeds, which was the strip of ground occupied by defendant for its right of way. He would acquire no right to sue for damages for the taking of his land for road-bed, and by reason thereof to his entire body of land.

Plaintiff misconceived his cause of action, which occurs to us, is either an action against the original grantees in the deeds for damages for failure to furnish the passes, as held in the case of *Helton v. Railroad,*

Vol. 116—3

25 Mo. App. 322, and also in the case of *Railway v. Douthet*, 88 Pa. St. 243, or ejectment for condition broken, which would entitle him to rent for the use of the road-bed from the time of such entry. Under no circumstances can he recover in this form of action. He will not now be heard to complain of that to which he assented, and that, too, by his solemn deeds.

When a railroad is constructed by and with the consent of the land-owner over whose land it is located, evidenced by deed or contract with subsequent condition, ejectment will not lie. *McClellan v. Railroad*, 103 Mo. 295; *Masterson v. Railroad*, 72 Mo. 342; *Hubbard v. Railroad*, 63 Mo. 68. But when the deed contains a condition for forfeiture, which broken, ejectment for possession will lie.

All the instructions given by the court should have been refused, and the motion in arrest sustained, because the petition states no cause of action. As this disposes of the case, it is thought to be unnecessary to advert to the many other questions raised by counsel for appellant in their briefs. The cause is reversed. All concur.