DICKEY v. KANSAS CITY & INDEPENDENCE RAPID TRAN-
SIT RAILWAY COMPANY, *Appellant.*

### Division Two, May 24, 1894.

1. **Railroad:** LIABILITY OF PURCHASER: PASS. The purchase of a
railroad without assumption of any of its debts or obligations does
not bind the purchaser to honor a perpetual pass given by the vendor
to one in consideration of a right of way over his land.

2. ———: ———: ———: COVENANT. A covenant to furnish a land-
owner with a perpetual pass on a railroad passing over his land does
not run with the land.

*Appeal from Jackson Circuit Court*—HON. JOHN W.
HENRY, Judge.

REVERSED.

*Daniel B. Holmes* for appellant.

(1) The letter of August 10, 1886, and not the
duplicate paper of September 22, 1888, is the contract
which was made. The latter paper was never delivered
in legal contemplation. *Rogers v. Carey*, 47 Mo. 232.
(2) Perpetual passes were never contracted for. (3)
Perpetual passes were, in fact, issued so that the con-
tract sued on has been fully performed and merged in
the passes. *Erie v. Railroad*, 88 Pa. St. 243. (4) The
defendant is not bound by the pass contract either on
the allegations of the petition or under the evidence.
*Hall v. Morgan*, 79 Mo. 47; *Hoard v. Railroad*, 123 U.
S. 222. (5) Assuming the contract for passes in this
case to have been a covenant, it is not such a covenant
as runs with the land. *Ruddick v. Railroad*, 116 Mo.
25; *Cook v. Railroad*, 36 Wis. 45.

*Lathrop, Morrow & Fox* for respondent.

BURGESS, J.—This is an action against defendant as grantee of the Kansas City, Independence & Park Railway Company to enforce specific performance of a contract, which, it is alleged, was entered into by plaintiff with said company, by which it, in consideration of the relinquishment of the right of way over plaintiff's blocks of ground, promised and agreed to furnish to him and all the members of his family perpetual free passes over its road.

The petition, after alleging that defendant is a corporation, duly organized, proceeds as follows: "That on the tenth day of August, 1886, and for a long time prior thereto, plaintiff was the owner of the following described real estate, situated in the county of Jackson and state of Missouri, to wit: Blocks five (5) and six (6) of Clarendon Place, a subdivision of certain property known as the 'Stone land,' as said blocks and subdivisions are marked and described on the recorder's plat in said subdivision in the recorder's office at Independence, Missouri; that on or about the tenth day of August, 1886, plaintiff conveyed to the Kansas City, Independence & Park Railway Company, a corporation duly created, organized and existing under the laws of the state of Missouri, and operating a line of railway in Jackson county, Missouri, the right of way for its railway, over the property above described, as follows: Over Harmony street, between said blocks five (5) and six (6) of said Clarendon place, a subdivision of certain property known as the 'Stone land' in Jackson county, Missouri; that the sole consideration of said conveyance was the covenant on the part of the said Kansas City, Independence & Park Railway Company to furnish and provide plaintiff and the members of his fam-

ily with free transportation perpetually over the road of said railway company. Said covenant for free transportation was expressed in the conveyance aforesaid, which said conveyance was duly filed for record in the office of recorder of deeds for Jackson county, Missouri, on the twenty-second day of September, 1888, and recorded in book 172, at page 2, and following.

"Plaintiff further states that on or about the —— day of ——, 1889, the Kansas City, Independence & Park Railway Company by its deed of conveyance duly executed and recorded on the —— day of ——, in the office of the recorder of deeds for Jackson county, Missouri, in book B 340 at page 631, did convey to the defendant Kansas City & Independence Rapid Transit Railway Company its railroad, including right of way, roadbed, superstructure, iron ties and spikes, all lands, depot grounds, station houses and depots, viaducts, bridges, timber, material and property, which said conveyance included the right of way described in the deed from this plaintiff to said grantor; that said grantee, the Kansas City & Independence Rapid Transit Railway Company, has entered into the possession of the premises above described and is operating said railroad, and has been engaged in operating said railroad for a long time prior to the filing of this suit.

"Plaintiff states that this defendant, at the time and prior to purchasing the said railroad aforesaid, was informed and well knew of plaintiff's covenant for free transportation perpetually over the Kansas City, Independence & Park Railway; and that this defendant did then and has ever since refused, and now refuses to furnish plaintiff and the members of his family with free transportation over its railroad, although demand for such transportation has often been made by plaintiff of defendant.

"Wherefore, plaintiff prays the court to specifically enforce the covenant for free transportation perpetually against this defendant, and for such other and further relief as may be equitable and just."

Defendant answered, denying all the allegations in plaintiff's petition, except that it admitted that it at all times refused to furnish plaintiff or his family with free transportation over its railroad, and then avers that it has never used, occupied nor operated any cars over any part of said Harmony street between said blocks five and six of said Clarendon Place; that it makes no claim to any right of way thereon under or from the plaintiff, and expressly disclaims any and all intention of using said Harmony street between said blocks five and six of said Clarendon Place as any right of way for its railway. To the answer plaintiff made reply denying each and every allegation of new matter therein contained.

The court found the issue for the plaintiff and rendered a decree against the defendant, requiring it within ten days thereafter to issue to the plaintiff and certain persons named in the decree as members of his family, free transportation over its railway. The defendant in due time filed its motions for a new trial and in arrest of judgment, which were by the court overruled, and the defendant brings the case here by appeal.

The salient facts as disclosed by the record are as follows: Plaintiff was the owner of the blocks of ground described in the petition, and the defendant's grantor, the Kansas City, Independence & Park Railway Company, were constructing a railroad, the projected line of which was through said blocks. Plaintiff, on the tenth day of August, 1886, addressed to the president of the company a written communication in which he "for and in consideration of the receipt of a free pass as

expressed therein, including the members of his family, to ride over the Kansas City, Independence & Park Railway, and other considerations," released to said company a right of way over said blocks. This paper was not under seal nor was it acknowledged. Sometime in 1888 said company issued to plaintiff a perpetual pass over said road.

Plaintiff kept a letter press copy of said writing of date August 10, 1886, and on September 22, 1888, he took the letter press copy and retraced his signature to the same, and acknowledged it before a notary public, and placed it upon record in the recorder's office at Independence, Jackson, county, Missouri, the county in which said blocks lie, without the knowledge of the company. On the same day he also signed and acknowledged, in duplicate, a paper purporting to be a conveyance of the right of way to said Kansas, City, Independence & Park Railway Company along said Harmony street, between said blocks 5 and 6 without the knowledge of said company, and on September 24, 1888, he placed one of said copies on record in the recorder's office of said county, and through his counsel, Messrs. Karnes & Krauthoff, sent the other copy, accompanied by a letter, to the Kansas City, Independence & Park Railway Company. This paper contained the following covenant:

"In consideration whereof the said second party, for itself, its successors and assigns and as a convenant to run with said property and with the railroad of said second party into the hands of all persons whomsoever to whom the same may come or pass, doth agree and convenant the acceptance of said right of way, as well as the agreement existing between the parties, that at all times during their several and respective natural lives, the said Nathaniel Dickey and the following persons comprising his family, to wit: Elizabeth Dickey,

his wife, Walter S. Dickey, Adam H. Dickey, M. Louis Dickey, Alford E. Dickey, Lylian G. Dickey, Nathaniel A. Dickey, Frederick W. Dickey, Florence M. Dickey, and Harrold E. Dickey, his children, shall and will be carried and transported over the said Kansas City, Independence & Park Railway Company, and all extensions which may be made thereof, or branches thereto, and all lines to be operated or maintained by the said second party, its successors or assigns, or by any one in conjunction therewith, as first-class passengers, free of all charges and upon the 'perpetual passes' heretofore issued to and now being issued by said parties; upon demand of said parties, in case of loss, destruction or wearing out of said passes or any of them, or change of name of parties holding the same, proper renewals or substitutes will be issued to said parties.''

On receipt of said paper and letter, the same were referred by said Kansas City, Independence & Park Railway Company to Mr. Daniel B. Holmes, its counsel, with authority to act for said railway company in the premises; and thereupon an interview respecting the same took place between Mr. Holmes, and Mr. L. C. Krauthoff, the counsel for the plaintiff, in which Mr. Holmes repudiated said paper as a deed, and declined to accept any delivery of the same, and no delivery of the same was ever accepted by said Kansas City, Independence & Park Railway Company, and said company never held or exercised any right whatever in said property under said paper.

On February 28, 1889, said Kansas City, Independence & Park Railway Company sold its railway to the defendant, the Kansas City & Independence Rapid Transit Railway Company and formally conveyed same to the defendant by a deed dated the twenty-third day of April, 1889, acknowledged on the same day and recorded, April 24, 1889. This deed is in the ordinary

form of a warranty deed containing the usual convenants of warranty, and seizin. It contains no convenant on the part of the defendant to pay any debts contracted by the Kansas City, Independence & Park Railway Company nor to assume any of its obligations of any kind or description.

After the defendant company took possession of said railway, and commenced the operation of the same, it refused and declined to honor passes which had been issued to the plaintiff and others by said Kansas City, Independence & Park Railway Company, and has at all times since refused to recognize or honor the same, or to give free transportation to the plaintiff, or to any member of his family, hence this suit.

The execution and recording of the purported deed by plaintiff to the Kansas City, Independence & Park Railway Company seems to have been altogether voluntary on his part, and without the knowledge or consent of the grantee therein named. The mere fact of signing, acknowledging and filing the deed for record did not constitute a delivery to the grantee. It must have been done with the knowledge and consent of the grantee or its officers at the time, or they must have in some way ratified or approved the transaction after they had knowledge that it had been done, so that whatever was done would be in effect an acceptance of it. It is essential to the validity of a deed that it not only be signed and acknowledged but it must be delivered and accepted, and more especially is the acceptance necessary when, by its terms, burdens and obligations are imposed upon the grantee as by the deed now under consideration. There was no evidence whatever of the acceptance of the deed; upon the contrary, it was conclusively shown that the grantee therein named refused to accept it.

But, even if the deed was delivered and accepted by

the Kansas City, Independence & Park Railway Company, does the covenant therein contained, to furnish plaintiff and his family with perpetual passes over the road, run with the land conveyed for right of way, so that defendant, under its deed, is bound thereby and can be compelled to comply therewith? There is no pretense that defendant ever assumed or agreed to perform any of the contracts, obligations or promises of its grantor. That a contract of the kind now under consideration may be specifically enforced against the party making it, if in his power to comply with its terms, seems clear, but whether or not it can be enforced against his vendee, in the absence of any promise or undertaking upon his part, to comply with the terms of the contract is quite a different question.

The Chesapeake & Ohio Railroad Company, in acquiring a certain right, had obligated itself to build and operate a certain piece of track, the same being embraced in a covenant contained in a deed of conveyance of the right of way. The property of the Chesapeake & Ohio Railroad Company was subsequently acquired by the Chesapeake & Ohio Railway Company, and against the last named company an action was brought for the specific performance of the contract above referred to, and it was held that the defendant was under no obligation to perform the covenant of its predecessor, nor to pay its debts, by reason of having bought the property of the company and its franchise. *Hoard v. Railroad*, 123 U. S. 222.

A similar question to the one under consideration came before the St. Louis court of appeals in *Helton v. Railroad*, 25 Mo. App. 322. Helton, in 1872, conveyed to the Mississippi Valley & Western Railway Company a right of way over his land for the consideration of one hundred dollars in money and the agreement on the part of the company to furnish him an annual pass

during his natural life over the line of its railway.   In 1875 the property and franchises of the railway company were sold to foreclose a mortgage and one Stone became the purchaser at the sale under the mortgage. Thereafter Stone sold the railroad property and franchises to the St. Louis, Keokuk & Northwestern Railway Company, whose agents recognized the plaintiff's claim to an annual pass, or issued to him an annual pass, until the first day of January, 1885, when they declined to issue it to him any further.   He then brought suit against the last named company for damages, for failure to comply with his contract with the Mississippi Valley & Western Railway Company, and it was held that he could not recover; that the defendant, by purchasing the railway property from Stone, who had purchased it at the foreclosure sale, did not become liable to pay any of the debts of the Mississippi Valley & Western Railway Company, unless it agreed to pay them, and no such agreement had been alleged or shown.   See, also, *Eddy v. Hinnant*, 82 Tex. 354; *Pennsylvania Co. v. Railroad*, 108 Pa. St. 621; *Cook v. Railroad*, 36 Wis. 45.

In this case the evidence showed that defendant had never at any time been in possession or occupancy of the right of way through the plaintiff's land, and did not show that it had ever assumed by contract the obligation of its predecessor.   Moreover, the covenant to furnish plaintiff and his family perpetual passes over the line of the railroad, does not run with the land, because foreign to, and in no manner connected with, the land.   *Ruddick v. Railroad*, 116 Mo. 25.   The judgment is reversed.   All of this division concur.