WALLACE v. ANN ARBOR & YPSILANTI ELECTRIC RAIL-
WAY CO.

1. RAILROADS—PASSES—COVENANTS RUNNING WITH LAND.
   A railroad company's agreement to supply a landowner with
   an annual pass in consideration of right of way does not run
   with the land, and is not binding upon a new company pur-
   chasing the franchises of the old without assuming its obliga-
   tions.

2. SAME—CONSOLIDATION—EVIDENCE—PRIMA FACIE CASE.
   Evidence that the vice-president of a railroad company told
   complainant, a pass-holder, that a transaction whereby the
   company's franchises were sold to a new company was nothing
   more than a consolidation of the companies, and his testi-
   mony that the purchase was subject to all the conditions
   attached to the old company, establish a *prima facie* case of
   consolidation, under which the new company succeeds to the
   obligations of the old, where the bill of sale itself contains
   nothing inconsistent therewith. .

3. SAME—CONNECTING LINES—HONORING PASS.
   The fact that a pass over one line of road, on account of right
   of way, is honored for years over a connecting line, does not
   bind a consolidated company, which buys both roads, to
   recognize the pass beyond the limits prescribed.

4. SAME—REMEDIES—SPECIFIC PERFORMANCE.
   Whether a bill for specific performance will lie against a railroad
   company, which acquired its rights by purchase from another
   company, to compel it to issue a pass in compliance with a
   contract of the former company,—*quære.*

Appeal from Washtenaw; Kinne, J.   Submitted Octo-
ber 5, 1899.   Decided October 24, 1899.

Bill by Sarah L. Wallace against the Ann Arbor &
Ypsilanti Electric Railway Company to enforce an agree
ment for passes over defendant's road.   From a decree
for complainant, defendant appeals.   Modified and af-
firmed.

Complainant owns a farm situated on the highway between Ann Arbor and Ypsilanti.   At the time that the Ann Arbor & Ypsilanti Street-Railway Company constructed its roadbed along this highway, she was not living there.   Soon after its construction she found, on returning to the place, that the roadbed encroached upon her land, or at least she claimed that it did.   She immediately made complaint to the vice-president of the road.   It was finally agreed that in consideration that the company might use the land for its track, as it then was, while she owned the farm, the company should issue to her and the members of her family passes over the road, good till the farm was transferred.   The agreement rested in parol, except that the company issued passes as agreed, and all alike, except as to the name.   Complainant's reads as follows:

"ANN ARBOR & YPSILANTI STREET-RAILWAY COMPANY.
"Pass Mrs. J. L. Wallace on account of right of way until farm is transferred.   No. 41.
"H. P. GLOVER, Vice-President."

In 1896 that company transferred all its property, including rights of way, easements, leasehold interests, etc., to the defendant, which refused to carry complainant and the other members of her family on the passes.   She thereupon filed the bill in this cause to enforce the contract, and to restrain defendant from using the track over her land without compliance with the contract.   Proofs were taken in open court, and decree entered for complainant.

*Lee N. Brown* (*M. J. Lehman,* of counsel), for complainant.

*D. C. Griffen,* for defendant.

GRANT, C. J. (*after stating the facts*).   1. Counsel cites several authorities to the effect that such an agreement does not run with the land, and is not binding upon the purchaser of the rights, franchises, etc., of the old company, in the absence of a statute or contract making

such purchaser liable.    That is undoubtedly the rule.
*Dickey* v. *Railway Co.*, 122 Mo. 223; *Martin* v. *Railroad Co.*, 36 N. J. Eq. 109; *Helton* v. *Railway Co.*, 25 Mo. App. 322; *Hoard* v. *Railway*, 123 U. S. 222; *Eddy* v. *Hinnant*, 82 Tex. 354.    Did the defendant assume this liability?    The record is very meager and unsatisfactory upon this point.    The only evidence is a bill of sale attached to the bill of complaint, and admitted by the answer and the testimony of the vice-president of the old company.    The bill of sale contains nothing which is conclusive upon the point, or inconsistent with the assumption by the new company of contracts for the rights of way. The vice-president testified that " when these franchises, rights, leases, and leaseholds and interests were purchased by the electric company,    *    *    *    they were bought subject to all the conditions attached to the old company." He further told Mrs. Wallace that the transaction was nothing more than a consolidation of the old and new companies.    We think this made out a *prima facie* case of consolidation, under which the consolidated company succeeds to all the rights and obligations of the old company.

2. The old company's line extended only to the limits of the city of Ann Arbor.    Another company owned the railway line in the city.    The two connected. ˙ For several years the street-railway company of Ann Arbor passed complainant over its road into the city. ˙ The decree compelled the defendant to carry complainant over the road in the city, the defendant having also purchased the property and franchises of that company.    The decree in this respect was wrong.    The railway which issued to complainant her pass had no control over the road in the city.    The fact that for several years complainant had traveled over that road on her pass does not bind the defendant.    The contract was unambiguous, and by its plain terms gave her the right of travel only over the road of the old company.    *Pennsylvania Co.* v. *Erie & Pittsburgh Co.*, 108 Pa. St. 621.

3. We doubt whether a suit in chancery is the proper remedy to enforce complainant's rights.   While the court below evidently treated the bill as one for specific performance of a contract, it is not framed upon that basis. There are authorities which hold that this is not the proper remedy.   *Ruddick* v. *Railway Co.*, 116 Mo. 26 (38 Am. St. Rep. 570); *Martin* v. *Railroad Co.*, 36 N. J. Eq. 109; *Helton* v. *Railway Co.*, 25 Mo. App. 322; *Eddy* v. *Hinnant*, 82 Tex. 354; *Cook* v. *Railway Co.*, 36 Wis. 45.   But inasmuch as the question is not raised, and the defendant has seen fit to meet the question upon its merits, we do not decide the question.   We mention it simply that it may not be understood by the profession that we recognize this as the proper remedy.

The decree will be modified in accordance with this opinion.   Neither party will be allowed costs in this court.

The other Justices concurred.